PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __WILSON_____STEVEN_____D.___
         (Last)            (First)         (Initial)

Prisoner Number __F-18575__

Institutional Address __PELICAN BAY STATE PRISON__

__5905 LAKE EARL DRIVE, CRESCENT CITY, CALIFORNIA  95532__

================================================================

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STEVEN DORELL WILSON )
(Enter the full name of plaintiff in this action.) )
 ) PETITION FOR STAY * * * * *
 )
vs. ) Case No. __5:07-CV-06095-JF__
 ) (To be provided by the clerk of court)
ROBERT A. HOREL, WARDEN ) FIRST AMENDED PETITION
 ) PETITION FOR A WRIT
PELICAN BAY STATE PRISON ) OF HABEAS CORPUS
 )
_____ )
 ) APPLICATION FOR TIME
_____ ) EXTENSION RECEIVED ON
 ) JUNE 30, 2008, GRANTING
(Enter the full name of respondent(s) or jailor in this action) ) 30 DAYS. [ PRISON MAIL
 ) LOG.]

__JULY 03, 2008__
================================================================

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

## PROOF OF SERVICE BY MAIL
## CCP §§ 1013A & 2015.5(b)

| (Caption) | (Case No.) |
|---|---|
| FIRST AMENDED WRIT OF HABEAS CORPUS | CV-07-6095-JF-(PR) |

1. I, the undersigned, do hereby declare that i am a citizen of the United States, over the age of 18 years old, and not a party to the above captioned cause, and that my mailing address is <u>P.O. BOX 7500, CRESCENT CITY, CA. 95531</u>

2. That I served a copy of the document entitled as follows: <u>FIRST AMENDED WRIT OF HABEAS CORPUS</u>

3. That I am readily familiar with the business practice for the collection and processing of pro-se litigant correspondence for mailing with the United States Postal Service. That the item, stated in item 2, supra, was deposited with the United States Postal service on the date and place indicated at item 4, in the ordinary course of prisoner mail. That the most current address known to be the proper and correct address associated with the person and/or office served as shown on the envelope. That a copy of the above document was served on each party of the above proceeding or that part's counsel, and on every other person required to be served. That the envelopes so addressed were sealed postage thereon fully prepaid at the first class postage rate.

4. Date of deposit: <u>JULY 13, 2008</u>
   Place of deposit: <u>CRESCENT CITY, CALIFORNIA 95531</u>

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS <u>13</u> DAY OF <u>JULY   2008</u> AT CRESCENT CITY, CALIFORNIA

DATE: <u>JULY 13, 2008</u>

_Keith R. Moyer_
DECLARANT FOR PROOF OF SERVICE
KENNETH R. MOYER   J-34190

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED *

[1]
U.S. DISTRICT COURT
NORTHERN DISTRICT
450 GOLDEN GATE AVE.
SAN FRANCISCO, CAL. 94102

[2]

1. Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    1. What sentence are you challenging in this petition?

        (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

**SANTA CLARA SUPERIOR COURT**     **191 N. FIRST ST., SAN JOSE CALIFORNIA 95113**
Court                                                                        Location

        (b) Case number, if known **CC-580541**

        (c) Date and terms of sentence **FEBRUARY 21, 2006...56 YEARS**

        (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes **XX**   No _____

Where? **5905 LAKE EARL DRIVE, CRESCENT CITY, CA.**

Name of Institution: **PELICAN BAY STATE PRISON**

Address: **5905 LAKE EARL DRIVE, CRESCENT CITY, CA.**

    2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

**F/D ROBBERY..P.C. 211-212.5 (a).. ASSAULT WITH D/W P.C. 245(a) 1)..FIREARM P.C. 12022.53 (b)..PRIOR STRIKE P.C. 667 (b)(1) & 1170.12**

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1  3. Did you have any of the following?

2     Arraignment:                              Yes **XX**    No _____
3     Preliminary Hearing:                      Yes **XX**    No _____
4     Motion to Suppress:                       Yes _____     No **XX**

5  4. How did you plead?

6     Guilty _____   Not Guilty **XX**   Nolo Contendere _____
7     Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?

9     Jury **XX**   Judge alone _____   Judge alone on a transcript _____

10 6. Did you testify at your trial?              Yes _____    No **XX**

11 7. Did you have an attorney at the following proceedings:

12    (a)  Arraignment                           Yes **XX**   No _____
13    (b)  Preliminary hearing                   Yes **XX**   No _____
14    (c)  Time of plea                          Yes **XX**   No _____
15    (d)  Trial                                 Yes **XX**   No _____
16    (e)  Sentencing                            Yes **XX**   No _____
17    (f)  Appeal                                Yes **XX**   No _____
18    (g)  Other post-conviction proceeding      Yes _____    No _____

19 8. Did you appeal your conviction?            Yes **XX**   No _____

20    (a)  If you did, to what court(s) did you appeal?

21         Court of Appeal                       Yes **XX**   No _____
22         Year: **2/27/06**   Result: **5/29/07   AFFIRMED**
23         Supreme Court of California           Yes **XX**   No _____
24         Year: **5/29/07**   Result: **8/29/07   DENIED**
25         Any other court                       Yes _____    No _____
26         Year: _____    Result: _____

27

28    (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS           - 3 -

|  |  | petition? | Yes **XX** & No **XX** |
|---|---|---|---|
|  | (c) | Was there an opinion? | Yes **XX**   No____ |
|  | (d) | Did you seek permission to file a late appeal under Rule 31(a)? |  |
|  |  |  | Yes____   No **XX** |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes____   No **XX**

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: __CALIFORNIA SUPREME COURT OF CALIFORNIA__

            Type of Proceeding: __WRIT OF HABEAS CORPUS__

            Grounds raised (Be brief but specific):

            a. __SUFFICIENCY OF EVIDENCE FOR CONVICTION__

            b. __PREJUDICE BY MY OWN TRIAL ATTORNEY (IAC)__

            c. __WITNESS EXAMINATION BY MY TRIAL ATTORNEY__

            d. __PROSECUTOR MISCONDUCT__

            Result: __PENDING__     Date of Result: __PENDING__

       II.    Name of Court: _____

            Type of Proceeding: _____

            Grounds raised (Be brief but specific):

1  9. (a)(I)(a);    <u>REQUEST FOR THIS COURT TO HOLD IN ABEYANCE PETITIONER'S EXHAUSTED CLAIMS WHILE THE UNEXHAUSTED CLAIMS ARE ADDRESSED IN THE CALIFORNIA SUPREME COURT, THIS STAY IS REQUESTED CONCOMITANT TO THIS COURTS AUTHORITY TO ISSUE A STAY REGARDING A MIXED FEDERAL PETITION ADDRESSED IN RHINES V. WEBBER   125,   S CT 1528 (2005)</u>

THIS REQUEST IS MADE WITH GOOD CAUSE AS PETITIONER HAS SUFFERED NOT ONE, NOT TWO, NOT THREE, BUT FOUR PRISON RIOTS JUST SINCE THE FIRST DAY OF JANUARY 2008. EACH RIOT DEMANDS A LENGTHY LOCK DOWN, WHICH NOT ONLY PREVENTS PETITIONER ACCESS TO THE LAW LIBRARY,BUT THE ASSISTING INMATE WITHIN THIS CASE PROPER. <u>[ SEE ATTACHED ].</u> EACH LOCK DOWN STOPS * <u>ALL</u> * MOVEMENT, THIS COVERS NOT ONLY INMATES BUT THE PASSING OF DOCUMENTS NO MATTER WHAT FROM ONE INMATE TO ANOTHER, ACCORDINGLY, PETITIONER'S INMATE ASSISTANT NO CONTACT FOR SIX OF THE SEVEN MONTHS OF THE CALENDAR YEAR 2008

ONE RIOT WOULD ESTABLISH A SHOWING OF GOOD CAUSE, TWO PRISON RIOTS WOULD BE EXTRAORDINARY, THREE RIOTS WOULD BE ASTRONAUTICAL, FOUR RIOTS IN SIX MONTHS IS <u>" **GOOD CAUSE** *</u> ADDITIONALLY, [EACH] <u>STATE CLAIM IS 100% A VIOLATION OF FEDERAL LAW</u> AND A CONSTITUTION VIOLATION, WHICH PETITIONER HAS MANY DOCUMENTS AS EXHIBITS TO ATTACH TO HIS HABEAS.

# The Daily Triplicate



www.triplicate.com — Informing the community since 1879 — Del Norte County, Calif.

**FRIDAY**
**JANUARY 4, 2008**
**35¢**

A special good morning to Daily Triplicate subscriber **Judy Peterson** of Crescent City

**TODAY'S WEATHER**
TODAY: Windy, rain. Highs 45 to 55.
TONIGHT: Windy. Rain showers. Lows 38 to 48.
FULL REPORT: A2

**SPORTS**



## Riot between rival Hispanic gangs

### Warning shots quelled the fighting

**By Nicholas Grube**
Triplicate staff writer

All it took was three shots. Any more and lives might have been lost.

Three Mini-14 bullets fired into the ground by a Pelican Bay State Prison correctional officer quelled a New Year's Eve riot that could have turned deadly if inmates had not responded to the warning.

California Department of Corrections and Rehabilitation Spokeswoman Terry Thornton said Thursday the shots were used to warn inmates that if they did not stop fighting, Pelican Bay correctional officers would use lethal force to stop the riot.

"They were aimed at the ground next to the inmates in an effort to get them to stop," Thornton said. "It worked because they stopped."

The Dec. 31 riot on Pelican Bay's Facility A maximum security general population exercise yard involved more than 40 inmates and ended when correctional officers discharged pepper spray, rubber baton rounds into the fray, as well as the three shots from a Mini-14 rifle. Twenty-one inmates and two correctional officers were injured during the incident, and seven inmate-manufactured weapons were recovered.

According to Pelican Bay State Prison's public information officer, Lt. Ken Thomas, rival gangs within the prison started the riot.

"At this point we believe it was an issue between rival Hispanic gangs," Thomas said. "This happened to be members of the Northern Hispanics rioting with the individuals who are Southern Hispanics."

See GANGS, A2





Photo courtesy of Pelican Bay State Prison

A still frame from a security camera at Pelican Bay State Prison shows the Facility A exercise yard six minutes before a riot erupted between rival Hispanic gang members.

---

*[Handwritten annotation:]* January 1st 2008 Riot (over) →

## Gangs

**Continued from A1**

Tensions between the Northern Hispanics, or Norteños, and the Southern Hispanics, or Sureños, are well-documented throughout the state and occur both on the street and within prisons.

"There's been a long history of differing members of Northern and Southern Hispanic gangs not getting along in prison," Thomas said, though there have not been many major incidents between the two factions at Pelican Bay. "We don't really know what sparked it at this point but we are investigating that."

All inmates involved in Monday's riot were removed from Pelican Bay's general population and placed into administrative segregation—which Thomas describes as a jail within the prison—and will remain there until the conclusion of Pelican Bay's investigation and any ensuing discipline from the prison, the California Department of Corrections and Rehabilitation, and the Del Norte County District Attorney's Office.

Officials from the District Attorney's Office said criminal charges against the inmates involved in the riot are likely, especially due to injuries suffered by two correctional officers.

The prison would not release the names of the injured officers, but both were hurt when the rubber baton rounds used to squelch the fighting richocheted and struck them.

One officer received a minor injury to the leg and, according to Thomas, was back at work Thursday, while the other caught a round in the eye, causing a serious injury. The officer underwent surgery and is currently recovering outside of a hospital.

Three inmates were taken to an outside hospital for treatment of stab wounds and then returned to the prison.

*Reach Nicholas Grube at ngrube@triplicate.com.*

# The Daily Triplicate

www.triplicate.com · Informing the community since 1879 · Del Norte County, Calif.

SATURDAY
JANUARY 19, 2008
50¢

A special good morning to
Daily Triplicate subscriber
**Daniel Stein**
of Crescent City

**TODAY'S WEATHER**
Today: Mostly sunny. Highs 48 to 58.
Tonight: Partly cloudy. Lows 31 to 41.
Full Report: A2



**SPORTS**

Warriors upset by Panthers in double overtime
A6

BASKETBALL NEXT FOR BANNER YEAR IN SPORTS? ☐ SEE NORTHCOAST LIFE, B1

## Second prison riot in 19 days

### Violence believed to be gang-related

By Nicholas Grube
Triplicate staff writer

A riot involving 66 members of rival Hispanic gangs erupted at Pelican Bay State Prison on Friday afternoon.

It was the second riot at the maximum security facility in 19 days and, according to initial reports from the prison, involves the same two gangs that were responsible for the Dec. 31 incident. But it's unclear whether the two riots are related.

"It's unfortunately not too uncommon to see a continuation of violence from one riot to another," said Lt. Ken Thomas, Pelican Bay's public information officer. "We believe the inmates involved in this riot are members of the Northern and Southern Hispanic groups. But we are still in the initial stage of the investigation."

The riot, involving members of the Norteño (Northern Hispanic) and Sureño (Southern Hispanic) street gangs, started around 1:35 p.m. in Facility B of the prison and occurred in three different locations both indoors and in the yard.

Correctional officers deployed pepper spray, rubber baton rounds and a single shot from a Mini-14 rifle to help quell the fighting.

Two inmates suffered serious injuries, believed to be stab wounds, and were transported to Sutter Coast Hospital to receive treatment. The prison is still taking inventory of all the minor injuries inmates might have suffered.

Two correctional officers also sustained minor injuries. One officer was cut on the finger and the other was hit in the forearm by a chair thrown by an inmate.

Six inmate-manufactured weapons were recovered after the riot.

"This appears to be a calculated incident based on the fact that the riot occurred in three different locations at the same time," Thomas said in a statement. "This incident is under investigation."



The Daily Triplicate/Bryant Anderson
Pelican Bay State Prison correctional officers stand outside Sutter Coast Hospital after a riot erupted at the prison, resulting in the serious injury of two inmates.

tion by our Investigative Services Unit in order to determine what sparked the riot."

See RIOT, A2

PELICAN BAY
G.P.UNIT A-8

# ie Daily  Triplicate

Informing the community since 1879    Del Norte County, Calif.

1/03/08 Thursday

# Inmates riot at Pelican Bay

## Officials say uprising may be gang related

**By Michelle Ma**
Triplicate staff writer

A group of inmates wielding handmade weapons attacked other prisoners Monday afternoon at Pelican Bay State Prison, the facility announced Wednesday.

Twenty-one inmates and two correctional officers were injured in what an official called one of the worst riots in years at the maximum-security prison near Fort Dick.

Officers used rubber bullets and pepper spray to quell the outdoor uprising that involved more than 40 inmates and was thought to be gang-related.

Two officers were injured after being struck by ricocheting rubber baton rounds. One officer is recovering from surgery after receiving a "traumatic" eye injury, said Lt. Ken Thomas, public information officer for the prison.

The other officer had a minor leg injury, Thomas said.

Three inmates who suffered stab wounds were taken to an outside hospital, Thomas said. They were returned to the prison after being treated.

Just before 2 p.m. Monday, one group of inmates attacked another group in the prison's Facility A maximum-security general population yard, Thomas said.

The yard is a large outdoor area that has a basketball court, exercise equipment, and places to walk and jog. Usually 150-200 inmates are in the yard together, but that number can vary, Thomas said.



The Daily Triplicate/Bryant Anderson

A riot involving 44 inmates broke out Monday afternoon at Pelican Bay State Prison, pictured above in a photo taken Tuesday. The riot, thought to be gang related, happened on the prison's Facility A maximum-security general population yard in the southeast section of the prison grounds (upper right). The riot took place in Facility A's recreational area. Two correctional officers and 21 inmates were injured.

Correctional officers patrol the yard on foot and watch from towers.

When the riot began, officers ordered all inmates down. After inmates didn't respond to that command, additional officers from the prison were called in, Thomas said.

"A sufficient amount of staff responded," he said.

All inmates were ordered out of the yard, and those who took part in the riot were placed in holding cells if they didn't need medical care, Thomas said.

Afterward, seven handmade weapons were found on the scene. Thomas said he didn't know what kind of weapons they were, but in the past, inmates have fashioned weapons out of fence materials, pieces of metal, melted plastic and razor blades.

"We just don't see a lot of riots on our general population facility of this magnitude," Thomas said. "It's just an unfortunate reminder of how dangerous it can be in prison."

See RIOT, A2

## Riot

**Continued from A1**

The uprising ranks among the largest at Pelican Bay since a riot in February 2000 that left one inmate dead and many wounded.

Officials suspect the Monday riot was gang-related, Thomas said, but prison staff will continue to investigate.

"We're continuing to look for more information," he said.

In addition, the California Department of Corrections and Rehabilitation's Deadly Force Investigation Team, the Office of the Inspector General's Bureau of Independent Review and the Del Norte County District Attorney's Office will review the incident.

The prison is searched continually, Thomas said, but he didn't know if there would be a separate search resulting from the riot.

During the investigation, Facility A will operate on a modified program, but as many inmates as possible will be allowed to maintain their normal activities, Thomas said.

The Del Norte County District Attorney's Office will try to determine who to prosecute and for what crime, said District Attorney Mike Riese.

"When an officer is injured to this degree, you can almost guarantee someone will be prosecuted," Riese said.

INLAND — Very windy. Rain. Highs are Night: Rain and snow. Lows 34 to 44.

SATUR

COAST — Rain showers likely. Highs Lows 38 to 48.

INLAND — Rain showers or snow show showers or snow showers like

|   |     |                                              |
|---|-----|----------------------------------------------|
| 1 |     | a._____   |
| 2 |     | b._____   |
| 3 |     | c._____   |
| 4 |     | d._____   |
| 5 |     | Result: _____ Date of Result:_____ |
| 6 | III.| Name of Court: _____   |
| 7 |     | Type of Proceeding: _____   |
| 8 |     | Grounds raised (Be brief but specific):      |
| 9 |     | a._____   |
|10 |     | b._____   |
|11 |     | c._____   |
|12 |     | d._____   |
|13 |     | Result: _____ Date of Result:_____ |
|14 | IV. | Name of Court: _____   |
|15 |     | Type of Proceeding: _____   |
|16 |     | Grounds raised (Be brief but specific):      |
|17 |     | a._____   |
|18 |     | b._____   |
|19 |     | c._____   |
|20 |     | d._____   |
|21 |     | Result: _____ Date of Result:_____ |

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____   No _____

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.
2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5  Claim One: **COURT ABUSED ITS DISCRETION UNDER E/C § 352 BY**
6  **ADMITTING SHOOTING OVER DEFENSE OBJECTION MONTHS AFTER CRIME**
7  Supporting Facts: **TRIAL JUDGE ALLOWED INTRODUCTION OF EVIDENCE**
8  **['A SHOOTING] WHICH OCCURRED 4 DAYS A-F-T-E-R * * PETITIONERS**
9  **PRELIMINARY HEARING (CT 133-135) D/A ARGUED FEAR OF REPRISAL**
10 **THIS EVIDENCE HAD NO LINK TO PETITIONER WHATSOEVER ONLY EXPOSED PETITIONER TO HIGHLY PREJUDICIAL NONEXCULPATORY EVIDENCE.**
11 Claim Two: **IAC REGARDING TRIAL COUNSELS FAILURE TO OBJECT**
12 **WITH INTRODUCTION OF EVIDENCE PAPERS FOUND AT SCENE.**
13 Supporting Facts: **COUNSEL DID NOT FILE A MOTION 1538.5 WITH**
14 **REGARDS TO COURT DOCUMENTS BEARING PETITIONERS NAME AT THE**
15 **SCENE WHICH INVESTIGATORS USED TO IDENTIFY AND ARREST PETITIONER**
16 **UNFORTUNATELY THOSE DOCUMENTS CONTAINED EVIDENCE HIGHLY PREJUDICIAL & UNNECESSARY.**
17 Claim Three: **SENTENCING ERROR BY COURT FAILING TO STAY**
18 **ASSAULT COUNT UNDER P/C § 654**
19 Supporting Facts: **STATUTE APPLIES WHERE THERE WAS BUT ONE ACT IN**
20 **ORDINARY SENSE ALSO WHERE A COURSE OF CONDUCT VIOLATED MORE**
21 **THAN ONE STATUTE BUT NEVERTHELESS CONSTITUTED INDIVISIBLE**
22 **TRANSACTION...INCIDENT TO ONE OBJECTIVE.* * ADDITIONAL * * ***
    **ATTACHED AS -6-A---->**
23 If any of these grounds was not previously presented to any other court, state briefly which
24 grounds were not presented and why: * * **CLAIM NINE: COLLECTIVE MISCONDUCT**
25 **GROUND FIVE: STANDARD OF PROOF..GROUND SIX: SUFFICIENCY OF THE**
26 **EVIDENCE..GROUND SEVEN: MOTIVE, GROUND EIGHT JURY INSTRUCTION.**
27 **CUMULATIVE PREJUDICIAL EFFECT . ARGUMENTS # 5, 6, 7, and 8 * 9**
28 **ARE BEING OFFERED TO THE STATE COURT CONSTITUTIONAL DEFICIENT**

PET... FOR WRIT OF HAB. CORPUS         - 6 -

ATTACHMENT TO PAGE SIX FOR ADDITIONAL
CONSTITUTIONAL GROUNDS FOR RELIEF AS
EXHAUSTED IN THE CALIFORNIA STATE COURT

CLAIM FOUR: PROSECUTOR MISCONDUCT WITH HIGH LEVEL OF PREJUDICE WITH MULTIPLE ACTS.

SUPPORTING FACTS: VIOLATIONS OF THE FEDERAL CONSTITUTIONAL ARE AS FOLLOWS WITHIN THE 14th AMENDMENT...AND ARE OF A SERIOUS NATURE OF ERRORS. AND, IT IS ESPECIALLY NOTEWORTHY THE COURT AGREED [RT 1-12] RULING THE EVIDENCE INADMISSIBLE AND THE NEGATIVE LIGHT PETITIONER WOULD SUFFER ACCORDINGLY, PROSECUTOR UNDERSTOOD THE PREJUDICIAL VALUE. ALL ADDRESSING THE SHOOTING AT THE RESIDENCE

* * * * * * UNEXHAUSTED CLAIMS 5, 6, 7, and 8 * * * * * *

CLAIM FIVE: STANDARD OF PROOF WHICH THE APPELLATE ATTORNEY FOUND SIMPLY UNDERLYING WEAK AND THEREFORE DID NOT MEASURE ITS PREJUDICIAL IMPACT UNDER "CHAMPMAN"

SUPPORTING FACTS: PETITIONER DID FAR MORE THEN JUST HINT THAT PROSECUTIONS WITNESSES ENCOMPASSED A FLEXIBLE RELATIONSHIP WITH THE TRUTH AND SAID TESTIMONY [CHAMBERS ERROR] DID SUBSTANTIALLY HARM PETITIONER.

CLAIM SIX: SUFFICIENCY OF THE EVIDENCE..REVIEW IS REQUIRED TO DETERMINE WHETHER ON THE ENTIRE RECORD FACTS COULD FIND THE PETITIONER GUILTY BEYOND A REASONABLE DOUBT.

SUPPORTING FACTS: AT TRIAL DAVID LANG IDENTIFIED PETITIONER AS THE MAN TALKING TO OTHER GUESTS OUT SIDE HIS HOUSE, WHILE HE PUSHED PETITIONER OUT

6-A

* * * CONTINUED FROM PAGE 6-A UNEXHAUSTED CLAIMS *

THE GATE CHAIN AND LOCKING IT BEHIND PETITIONER. ADDITIONALLY THAT PETITIONER ASKED TO BE LET IN BUT WAS REFUSED. ALL STATEMENTS WERE RECALLED AFTER WITNESSES HAD SPENT HOURS OF DRINKING ALCOHOL AND SMOKING LARGE AMOUNTS OF LARIJUNANA AND USING OTHER DRUGS.

CLAIM SEVEN :   MOTIVE LAYING THE GROUNDWORK PROSECUTOR DURING OPENING STATEMENTS RECOUNTED STEP-BY-STEP THEIR CASE PROPER REGARDING PETITIONER, NOTWITHSTANDING PROSECUTOR FAILED TO DELIVER ON PROMISES MADE TO THE JURY.

SUPPORTING FACTS:   PROSECUTOR FAILED TO OFFER EXPERT TESTIMONY WITHIN THE AREA OF NEUROLOGY OR A DR. AS A PSYCHOLOGIST WHO WOULD TESTIFY PETITIONER IMPAIRMENTS AFFECTED ABILITY TO RECAPTURE MEMORY DUE TO THE AMOUNT OF DRUGS AND ALCOHOL CONSUMED.

CLAIM EIGHT:   JURY INSTRUCTION REQUESTING MODIFICATION OF THE "WRONGFUL CONDUCT" INSTRUCTION IN CALJIC # 5.17 AND CALJIC 5.50.1 THREATS BY THIRD PARTY.

SUPPORTING FACTS :   COUNSEL FOR PETITIONER DID NOT OBJECT TO THE WRONGFUL CONDUCE INSTRUCTION CALJIC # 5.17 OR CALJIC 5.54 and 5.55 WHICH IT IS NECESSARY FOR DEFENSE COUNSEL IN CALIFORNIA TO RESEARCH THE VALIDITY OF ALL CALJIC INSTRUCTIONS THAT PURPORT TO LIMIT RIGHTS TO DEFENSES.

CLAIM NINE :   COLLECTIVE MISCONDUCT BY PETITIONERS TRIAL COUNSEL AND/OR INDIVIDUALLY WHICH WAS A DUE PROCESS ERROR ADDITIONALLY SIXTH AMENDMENT RIGHT TO CONFRONT AND CROSS-EXAMINATION OF STATE WITNESSES COUNSEL WAS INEFFECTIVE TO REQUIRE CONFRONTATION.

\* \* \* CONTINUED FROM PAGE 6-B UNEXHAUSTED CLAIMS \* \* \* \* \* \*

SUPPORTING FACTS: TRIAL COUNSEL ALLOWED THE COURT TO LIMIT THE CROSS-EXAMINATION REGARDING ALEX GUERRERO & BRYAN LANG. THERE CAN BE NO LIMITATIONS ESPECIALLY DEALING WITH CRIMINAL HISTORY AND INCARCERATION.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

SEE ATTACHED AS 7-A

_____

_____

Do you have an attorney for this petition?                  Yes____    No **XX**

If you do, give the name and address of your attorney:

N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on **JULY 03, 2008** * * *        _Steven Wilson_
                Date                         STEVEN D. WILSON   IN PRE SE
                                             Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -

\* \* \* \* CONTINUED FROM PAGE # 7 \* \* \* \*

\* \* \* \* LISTED AS CITATIONS OF PREJUDICIAL ERRORS

ALCALA V WOODFORD (9th CIR 2003) 334 F 3d 862
IN RE CHRISTIAN S. (1994) 7 CAL 4th 768
IN RE CLARK (1993) 5 CAL 4th 750
CUNNINGHAM V ZANT (9th CIR 1991) 928 F 2d 1006
FREEMAN V CLASS (8th CIR 1996) 95 F 3d 639
IN RE JONES (1996) 13 CAL 4th 552
LUCHENBERG V SMITH (4th CIR 1995) 79 F. 3d 388
IN RE NEELY (1993) 6 CAL 4th 901
STEINKUEHLER V MESCHNER (8th CIR 1999) 176 F 3d 441
 STRICKLAND V WASHINGTON (1984) 466 U.S. 668
TAYLOR V KENTUCKY (1978) 436 U.S. 478
UNITED STATES V SPAN (9th CIR 1996) 75 F 3d 1383
WILLIAMS V TAYLOR (2000) 529 U.S. 362

= = = = = = = = = = = = = = = = = = =

JACKSON V VIRGINIA (1979) 443 U.S. 307
IN RE WINSHIP 397 U.S. 362
UNITED STATES V CRONIC 466 U.S. 648 (1986)
u.s. v ellison (1986) 7th CIR 1102
U.S. V SWANSON (9th CIR 1991) 943 F 2d 1070

NAME: Kenneth R. Moyle
CDC NO: J3400  HOUSING: A8-202
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

**LEGAL MAIL**

5:07-CV-06095-JF

Clerk of the
U.S. District C[ourt]
Northern Di[strict]
450 Golden [Gate]
San Francisco
9410[2]

PELICAN BAY STATE
5905 Lake Earl [Dr]
Crescent City CA 9[5532]

-06095-JF

Clerk of The Court
U.S. District Court
Northern District
450 Golden Gate Ave
San Francisco, Ca.
94102

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532



UNITED STATES POSTAGE
$01.34°
JUL 14 2008
MAILED FROM ZIPCODE 95531

*[signature]*     *[stamp: PELICAN BAY G.P. UNIT A-8]*     7/13/08