NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. WILSON, | No. C 07-6095 JF (PR) |
| Petitioner, | ORDER DISMISSING CLAIM; GRANTING MOTION TO STAY |
| v. | |
| ROBERT A. HOREL, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition with leave to amend. Petitioner filed an amended petition in which he also requested a stay of this matter while he exhausts his unexhausted claims. For the reasons discussed below, the motion to stay will be GRANTED. In addition, the Court dismisses one of the exhausted claims in the amended petition for failure to state a cognizable claim for relief.

**DISCUSSION**

In the order dismissing the petition with leave to amend, the Court identified two problems that needed to be cured by amendment. The first problem was that Petitioner indicated that the petition was a "mixed" petition containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (requiring dismissal of mixed

G:\PRO-SE\SJ.JF\HC.07\Wilson095staymix.wpd

1  petition). The Court informed petitioner he may either file an amended petition striking his
2  unexhausted claims, or request a stay of the mixed petition while he exhausts his
3  unexhausted claims in state court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (a
4  district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court
5  upon a showing of good cause). Petitioner chose the latter course, filing an amended
6  complaint containing both exhausted and unexhausted claims, and requesting a stay of this
7  matter.

8  In order to stay this matter under Rhines, there must be good cause for the Petitioner's
9  failure to exhaust the claims in state court and the claims must be potentially meritorious. Id.
10 Petitioner has demonstrated that prison riots occurred at his prison disrupting his access to a
11 law library and to the inmate who is assisting him with this matter. The Court finds that this
12 constitutes good cause for Petitioner's failure to exhaust this claim previously.

13 A review of the nine claims in the petition indicates that some of them have a potential
14 for merit, when liberally construed.[1] In the order dismissing the complaint with leave to
15 amend, the Court noted that Plaintiff must set forth a violation of federal law to obtain habeas
16 relief on his claims. See 28 U.S.C. § 2254(a); Rose, 423 U.S. at 21. Petitioner identifies
17 claims one through four as having been exhausted: (1) the trial court improperly admitted
18 evidence; (2) he received ineffective assistance of counsel; (3) the trial court failed to stay the
19 sentence on the assault count, in violation of California Penal Code § 654; and (4) the
20 prosecutor committed misconduct in violation of the Fourteenth Amendment. Claims one,
21 two and four are all cognizable because, when liberally construed, the implicate a federal
22 constitutional right. See ee Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995) (admission
23 of evidence may violate right to due process); Strickland v. Washington, 466 U.S. 668, 686
24 (1984) (Sixth Amendment guarantees right to effective assistance of counsel); Darden v.
25 Wainwright, 477 U.S. 168, 181 (1986) (prosecutorial misconduct may violate right to due
26 process). Claim three, however, only asserts the violation of state law, and as such does not

---

[1]The Cojr

G:\PRO-SE\SJ.JF\HC.07\Wilson095staymix.wpd                2

1 state a cognizable claim for federal habeas relief. Accordingly, claim three in the amended
2 petition will be dismissed.

3 Petitioner indicates that claims five through nine in the amended petition are not
4 exhausted, and these are the claims he wishes to exhaust during the stay: (5) the wrong
5 standard of proof was applied at trial; (6) there was insufficient evidence to support the
6 conviction; (7) the prosecutor failed to submit sufficient evidence of petitioner's motive; (8)
7 counsel failed to object to improper jury instructions; and (9) limitations on cross-
8 examination violated his right to confrontation, and trial counsel was ineffective in
9 preventing such limitations. Liberally construed, these five unexhausted claims all state a
10 cognizable basis for federal habeas relief. See In re Winship, 397 U.S. 358, 364 (1970) (due
11 process requires proof beyond a reasonable doubt); Jackson v. Virginia, 443 U.S. 307, 321
12 (1979) (insufficient evidence to support conviction violates due process); Strickland v.
13 Washington, 466 U.S. 668, 686 (1984) (Sixth Amendment guarantees right to effective
14 assistance of counsel); Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (limits on cross-
15 examination may violate Confrontation Clause). Thus, these unexhausted claims have a
16 potential for merit under Rhines, and Petitioner's request for a stay of this matter while he
17 exhausts these claims in state court will be granted.

## CONCLUSION

19   1.   Petitioner's application to stay the petition is GRANTED, and the above-titled
20 action is hereby STAYED until **30 days** after the state supreme court's final decision on
21 Petitioner's unexhausted claims, as described above.

22   2.   Claim three from the amended petition is DISMISSED for failure to state a
23 cognizable claim for relief.

24   3.   If Petitioner intends to have this Court consider his unexhausted claims, he
25 must properly present them to the Supreme Court of California **within thirty days** of the date
26 this order is filed. If he has not obtained habeas relief in state court, Petitioner must
27 thereafter notify the Court **within thirty days** of the California Supreme Court's decision, by
28

G:\PRO-SE\SJ.JF\HC.07\Wilson095staymix.wpd            3

*United States District Court*
*For the Northern District of California*

filing a motion to reopen this action indicating which claims in the amended petition he has exhausted, and requesting that the Court strike any claims that have not been exhausted.

4. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11/13/08

JEREMY FOGEL
United States District Judge

G:\PRO-SE\SJ.JF\HC.07\Wilson095staymix.wpd            4