<table>
<tr><td>1</td></tr>
</table>

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                                      NOT FOR CITATION

9                        IN THE UNITED STATES DISTRICT COURT

10                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    STEVEN D. WILSON,                          No. C 07-6095 JF (PR)

13             Petitioner,                        ORDER AMENDING NOVEMBER 19,
                                                  2008 ORDER; *AMENDED* ORDER
14      v.                                        DISMISSING CLAIM AND GRANTING
                                                  MOTION TO STAY
15    ROBERT A. HOREL, et al.,

16             Respondents.
                                            /
17

18          The November 19, 2008 Order Dismissing Claim; Granting Motion to Stay is hereby

19    AMENDED as follows: footnote 1 on page 2 is deleted.  The November 19, 2008 Order

20    Dismissing Claim; Granting Motion to Stay, as amended, is set forth below.

21                                  **AMENDED ORDER**

22          Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

23    28 U.S.C. § 2254.  The Court dismissed the petition with leave to amend.  Petitioner filed an

24    amended petition in which he also requested a stay of this matter while he exhausts his

25    unexhausted claims.  For the reasons discussed below, respondent's motion to stay is

26    GRANTED.  In addition, the Court dismisses one of the exhausted claims in the amended

27    petition failure to state a cognizable claim for relief.

28
      G:\PRO-SE\SJ.JF\HC.07\Wilson095amendedstaymix.wpd

United States District Court

For the Northern District of California

1

**DISCUSSION**

2      In the order dismissing the petition with leave to amend, the Court identified two

3  problems that needed to be cured by amendment.  The first problem was that Petitioner

4  indicated that the petition was a "mixed" petition containing both exhausted and unexhausted

5  claims.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (requiring dismissal of mixed

6  petition).  The Court informed petitioner he may either file an amended petition striking his

7  unexhausted claims, or request a stay of the mixed petition while he exhausts his

8  unexhausted claims in state court.  See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (a

9  district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court

10  upon a showing of good cause).  Petitioner chose the latter course, filing an amended

11  complaint containing both exhausted and unexhausted claims, and requesting a stay of this

12  matter.

13      In order to stay this matter under Rhines, there must be good cause for the Petitioner's

14  failure to exhaust the claims in state court and the claims must be potentially meritorious.  Id.

15  Petitioner has demonstrated that prison riots occurred at his prison disrupting his access to a

16  law library and to the inmate who is assisting him with this matter.  The Court finds that this

17  constitutes good cause for Petitioner's failure to exhaust this claim previously.

18      A review of the nine claims in the petition indicates that some of them have a potential

19  for merit, when liberally construed.  In the order dismissing the complaint with leave to

20  amend, the Court noted that Plaintiff must set forth a violation of federal law to obtain habeas

21  relief on his claims.  See 28 U.S.C. § 2254(a); Rose, 423 U.S. at 21.  Petitioner identifies

22  claims one through four as having been exhausted: (1) the trial court improperly admitted

23  evidence; (2) he received ineffective assistance of counsel; (3) the trial court failed to stay the

24  sentence on the assault count, in violation of California Penal Code § 654; and (4) the

25  prosecutor committed misconduct in violation of the Fourteenth Amendment.  Claims one,

26  two and four are all cognizable because, when liberally construed, the implicate a federal

27  constitutional right.  See ee Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995) (admission

28

United States District Court
For the Northern District of California

1   of evidence may violate right to due process); <u>Strickland v. Washington</u>, 466 U.S. 668, 686

2   (1984) (Sixth Amendment guarantees right to effective assistance of counsel); <u>Darden v.</u>

3   <u>Wainwright</u>, 477 U.S. 168, 181 (1986) (prosecutorial misconduct may violate right to due

4   process).  Claim three, however, only asserts the violation of state law, and as such does not

5   state a cognizable claim for federal habeas relief.  Accordingly, claim three in the amended

6   petition will be dismissed.

7          Petitioner indicates that claims five through nine in the amended petition are not

8   exhausted, and these are the claims he wishes to exhaust during the stay: (5) the wrong

9   standard of proof was applied at trial; (6) there was insufficient evidence to support the

10  conviction; (7) the prosecutor failed to submit sufficient evidence of petitioner's motive; (8)

11  counsel failed to object to improper jury instructions; and (9) limitations on cross-

12  examination violated his right to confrontation, and trial counsel was ineffective in

13  preventing such limitations.  Liberally construed, these five unexhausted claims all state a

14  cognizable basis for federal habeas relief.  <u>See</u> <u>In re Winship</u>, 397 U.S. 358, 364 (1970) (due

15  process requires proof beyond a reasonable doubt); <u>Jackson v. Virginia</u>, 443 U.S. 307, 321

16  (1979) (insufficient evidence to support conviction violates due process); <u>Strickland v.</u>

17  <u>Washington</u>, 466 U.S. 668, 686 (1984) (Sixth Amendment guarantees right to effective

18  assistance of counsel); <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986) (limits on cross-

19  examination may violate Confrontation Clause).  Thus, these unexhausted claims have a

20  potential for merit under <u>Rhines</u>, and Petitioner's request for a stay of this matter while he

21  exhausts these claims in state court will be granted.

22                              **CONCLUSION**

23      1.    Petitioner's application to stay the petition is GRANTED, and the above-titled

24  action is hereby STAYED until **30 days** after the state supreme court's final decision on

25  Petitioner's unexhausted claims, as described above.

26      2.    Claim three from the amended petition is DISMISSED for failure to state a

27  cognizable claim for relief.

28

**United States District Court**
For the Northern District of California

1        3.      If Petitioner intends to have this Court consider his unexhausted claims, he

2   must properly present them to the Supreme Court of California **within thirty days** of the date

3   this order is filed.  If he has not obtained habeas relief in state court, Petitioner must

4   thereafter notify the Court **within thirty days** of the California Supreme Court's decision, by

5   filing a motion to reopen this action indicating which claims in the amended petition he has

6   exhausted, and requesting that the Court strike any claims that have not been exhausted.

7        4.      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay

8   of this action.  This has no legal effect; it is purely a statistical procedure.  When Petitioner

9   informs the Court that he has exhausted his additional claims, the case will be

10   administratively re-opened.

11        5.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep

12   the Court informed of any change of address by filing a separate paper with the clerk headed

13   "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion

14   or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this

15   action pursuant to Federal Rule of Civil Procedure 41(b).

16        IT IS SO ORDERED.

17   DATED: ___12/9/08_____

                                                     _____

18                                         JEREMY FOGEL

                                         United States District Judge

19

20

21

22

23

24

25

26

27

28