NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN D. WILSON, | ) | No. C 07-06095 JF (PR) |
| Petitioner, | )<br>)<br>) | ORDER GRANTING MOTION TO REOPEN HABEAS ACTION; TO SHOW CAUSE |
| v. | )<br>) | |
| ROBERT A. HOREL, Warden, | )<br>) | |
| Respondent | )<br>) | |
| _____ | ) | (Docket No. 15) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition with leave to amend, finding the petition was a "mixed" petition containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). Petitioner filed an amended petition and at the same time requested a stay of the matter under Rhines v. Weber, 544 U.S. 269, 277-78 (2005), to exhaust his unexhausted claims in state court. Good cause appearing, the Court granted Petitioner's request and stayed the matter pending Petitioner returning to this Court after exhausting his state remedies. (See Docket No. 11.)

On March 25, 2009, Petitioner filed a motion to reopen the action with notice of

the state high court's decision, as well as an amended petition in accordance with the Court's order.  Petitioner has established that the unexhausted claims from the first amended petition are now exhausted.  The motion to reopen (Docket No. 15) is GRANTED, and the stay is lifted.

The following claims are cognizable, when liberally construed:(1) limitations on cross-examination violated his Sixth Amendment right to confrontation; (2) Petitioner's trial counsel rendered ineffective assistance with respect to "shooting evidence," (Pet. 8); (3) trial counsel provided ineffective assistance by failing to object to the admission into evidence of court papers found at the scene of the robbery; (4) the prosecutor committed misconduct in violation of the Fourteenth Amendment; (5) the wrong standard of proof was applied at trial; (6) there was insufficient evidence to support the conviction; (7) the prosecutor failed to submit sufficient evidence of petitioner's motive; (8) counsel failed to object to improper jury instructions; and (9) trial counsel was ineffective in preventing limitations on cross-examination as alleged in the first claim above.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.  The clerk shall REOPEN the case.

2.  The Clerk shall serve by mail a copy of this order and the amended petition (Docket No. 15) and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

3.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1  　　　If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
2  with the Court and serving a copy on Respondent within **thirty (30) days** of his receipt of
3  the answer.
4  　　　4.　　Respondent may file a motion to dismiss on procedural grounds in lieu of
5  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
7  with the court and serve on Respondent an opposition or statement of non-opposition
8  within **thirty (30) days** of receipt of the motion, and Respondent <u>shall</u> file with the Court
9  and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.
10 　　　5.　　It is Petitioner's responsibility to prosecute this case. Petitioner must keep
11 the Court and all parties informed of any change of address by filing a separate paper
12 captioned "Notice of Change of Address." Petitioner must comply with the Court's
13 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
14 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
15 　　　This order terminates Docket No. 15.
16 　　　IT IS SO ORDERED.
17
18 DATED: __6/23/09_____          _____
19                                          JEREMY FOGEL
                                            United States District Judge
20
21
22
23
24
25
26
27
28

Order Granting Motion to Reopen File; To Show Cause
P:\PRO-SE\SJ.JF\HC.07\Wilson06095_reopen.wpd                3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN D. WILSON,

        Petitioner,

  v.

ROBERT A. HOREL, Warden,

        Respondent.
                                          /

Case Number: CV07-06095 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/7/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Dorell Wilson F-18575
Pelican Bay State Prison
5905 Lake Earl Drive
Crescent City, CA 95532

Dated:  7/7/09

                                        Richard W. Wieking, Clerk